NIGHT BOX
FILED

AUG 1 4 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHARLES RUSH

CASE NUMBER: 00-6207- CIV - MORENO
MAGISTRATE JUDGE DUBE'

Plaintiff,

vs.

BROWARD COUNTY SHERIFF'S OFFICE

Defendant.

_____/

## MOTION TO DISMISS COMPLAINT
## AND SUPPORTING MEMORANDUM OF LAW, OR IN THE ALTERNATIVE,
## MOTION FOR MORE DEFINITE STATEMENT

Defendant, Broward County Sheriffs's Office ("BSO"), by and through the undersigned

counsel, files this Motion to Dismiss or in the Alternative Motion for More Definite Statement ans

state as follows:

1. Plaintiff, CHARLES RUSH, has filed a pro-se complaint in the form of a narrative to the

court, alleging what appears to be racial discrimination and unnecessary force utilized against him

by either an inmate or law enforcement officers that occurred in an unnamed jail facility presumably

to be the Broward County Jail as inferred from the style of the complaint.

2. Plaintiff has failed to properly serve the complaint within the 120 days pursuant to Rule

4 (m), Fed. R.Civ. P..

3. Plaintiff has not perfected sufficient service of process over the Broward County Sheriff's

Office, a political Sub-Division and Governmental Agency of the State of Florida within the

meaning of Rule 4 (j)(2) Fed. R. Civ. P..

4. Plaintiff's complaint should be dismissed in that it is one continuous narrative, in the form

of a letter which completely disregards Rule 10 (b) Fed. R. Civ. P. entitled "Form of Pleading." Rule 10(b) states, "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances;"

5. Plaintiff's complaint lacks subject matter jurisdiction pursuant to Rule 12 (b)(1) Fed. R Civ. P. and should therefore be dismissed.

6. Plaintiff's complaint is so vague, ambiguous and completely absent any factual allegations required by Rule 8 Fed. R. Civ. P., entitled "General Rules of Pleading," that it fails to state a cause of action for which relief can be granted under Rule 12 (b)(6) Fed. R.Civ. P. .

7. Even if the complaint could meet the basic pleading rules regarding format, jurisdiction, service of process, the Plaintiff still fails to state a cause of action under 43 U.S.C. § 1983, assuming that is the theory he is attempting to file a claim under and should therefore be dismissed with prejudice.

8. Alternatively, because of the lack of conformance to the Rules of Civil Procedure and lack of factual allegations the Defendant cannot reasonably formulate a response and would therefore ask that the complaint be dismissed in its entirety or alternatively a Motion for More Definite statement be granted.

## MEMORANDUM OF LAW

Simply put, Plaintiff's complaint as alleged fails to state a cause of action under Rule 12(b)(6) Fed. R. Civ. P. in that his complaint is not compliant with the Federal Rules of Civil Procedure with regard to form and format under Rules 8 (a)(1),(2), and (3), as well as Fed. R. Civ. P., Rule 10(b). It lacks subject matter jurisdiction under Rule 12 (b)(1) Fed. R. Civ. P. Plaintiff has failed to effectively serve process in accordance with Rules 4 (m) and 4 (j)(2) Fed. R. Civ. Procedure

2

and Florida Statute § 768.28(7).

A 12(b) (6) motion to dismiss must be viewed in the light most favorable to the plaintiff-taking all well pleaded facts as true.  A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U. S. 41, 45-46 (1957).  In the instant case, the  plaintiff  filed a complaint that completely disregards the form and general pleading requirements contained within Rules of Civil Procedure.  It is vague, ambiguous, and lacking of any factual allegations supporting a cause of action for which relief can be granted.  In fact it even fails to make a prayer for relief and even if it did state a cause of action it was not served timely or properly.  Moreover, because the complaint lacks sufficient factual detail the defendant cannot formulate a reasonable response to the complaint and the complaint must therefore be dismissed consistent with the grounds of this motion or alternatively a motion for More Definite Statement must be granted.

### I.  PLAINTIFF HAS FAILED TO PROPERLY SERVE THE COMPLAINT WITHIN THE 120 DAYS PROVIDED WITHIN RULE 4 (m), Fed. R.Civ. P.

The complaint must be dismissed, in that the complaint is stamped filed as of February 11, 2000 by the Clerk of Courts.  Five individual summons and complaints each naming only individual deputies of the Broward Sheriff's Office, were delivered to Broward County Sheriff's Office on July 25, 2000.  This delay of service is in excess of the 120 day limit of Rule 4 (m) Fed. R. Civ. P.

### II.  PLAINTIFF HAS NOT PERFECTED SUFFICIENT SERVICE OF PROCESS WITHIN THE MEANING OF RULE 4 (j)(2) Fed. R. Civ. P.

Plaintiff's complaint names the BROWARD SHERIFF's OFFICE as the only named defendant in the style of the complaint.  The complaint also fails to designate counts or causes of

action against any particular person or entity. Therefore based on the fact that the Sheriff's Office

is the only named defendant in the style of the action the Sheriff's Office has to assume this is an

action against a sheriff in his official capacity. An action against a sheriff in his official capacity is

another form of a claim against the government, such as a municipality, itself. Quinones v. Durkis,

638 F. Supp. 856, 859 (S.D. Fla. 1986)(citing Monell v. New York Dept. of Social Services, 436

U.S. 658 (1978)). Plaintiff has not perfected sufficient service of process over the Broward County

Sheriff's Office, a political Sub-Division and Governmental Agency of the State of Florida within

the meaning of Rule 4 (j)(2) Fed. R. Civ. P., and Monel. Rule 4(j)(2) specifically states that  service

shall be effected by delivering a copy of the summons and complaint to the Chief Executive Officer

( in this case the Sheriff of Broward County Ken Jenne) or by serving the summons and complaint

in the manner prescribed by the law of the state. Florida Statute § 768.28(7) proscribes the method

of service against the Sheriff in Florida specifically stating that the department of Insurance must be

served as well as the Sheriff. Neither of which were done by the plaintiff in this case.

### III. THE COMPLAINT FAILS TO CONFORM TO RULES 8(A)(1),(2),& (3) Fed. R. Civ.P. AND THEREFORE LACKS SUBJECT MATTER JURISDICTION AND  FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

The plaintiff fails to allege a short plain statement of the grounds jurisdiction depends

pursuant to Rule 8 (a)(1), consequently the complaint lacks subject matter jurisdiction pursuant to

Rule 12 (b)(1) Fed. R Civ. P.. There are no Constitutional provisions, Laws, or Treaties of the

United States pursuant to 28 U.S.C. § 1331(Federal Question Jurisdiction) mentioned anywhere in

the complaint; nor are there any factual allegations claiming or even supporting jurisdiction under

28 U.S.C. § 1332. (Diversity Jurisdiction).

4

The plaintiff fails to allege a short plain statement of the claim showing that the pleader is entitled to relief pursuant to Rule 8 (a)(2). The Plaintiff does not even state whether this happened in a BSO facility, what deputy or officer caused him injury, whether the deputy or officer in question was acting within the course and scope of his duties, under color of State Law, or pursuant to a custom, policy or procedure.

The plaintiff fails to make a demand for judgment for the relief the pleader seeks pursuant to Rule 8(a)(3). The complaint fails to state what type of relief the pleader seeks whether it is monetary, injunctive, declaratory, or even possibly Habeas Corpus as the defendant was incarcerated at the time of this incident.

### IV. THE INCIDENT RUSH ALLEGES IN HIS COMPLAINT DOES NOT GIVE RISE TO A CAUSE OF ACTION FOR A VIOLATION OF 42 U.S.C. § 1983

Assuming arguendo that this case is a claim under 42 U.S.C. § 1983 because it merely utilizes the phrase "unnecessary force," in connection with the defendants incarceration, the complaint should be dismissed for all of the above procedural grounds as well as case law.

Rush's complaint against BSO is an improper attempt to attach governmental liability for the acts of Sheriff's deputies. An action against a sheriff in his official capacity is another form of a claim against the government, such as a municipality, itself. Quinones v. Durkis, 638 F. Supp. 856, 859 (S.D. Fla. 1986)(citing Monell v. New York Dept. of Social Services, 436 U.S. 658 (1978)). Thus the sheriff is considered a governmental entity falling within the decision rendered in Monell, and its progeny. Id.

Municipal liability under § 1983 attaches where– and only where– a deliberate choice to follow a course of action is made from among various alternatives by the official or officials

responsible for establishing final policy with respect to the subject matter in question.

Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986).

In order to hold a governmental entity liable for a § 1983 violation, a plaintiff must show that the violation resulted from the entity's "policy or custom" adopted or maintained with deliberate indifference. See e.g., Pembaur v. Cincinnati, 475 U.S. 469, 180-81 (1986)("The official policy requirement in Monell was intended to distinguish acts of the municipality from acts of the employees of the municipality..." Id. at 179. Here, RUSH does not allege that the Sheriff, directed the action complained of, and fails to allege or identify a policy, custom, or procedure that caused him injury.

Rush also fails to allege that the actions taken by deputies were under color of State Law or that the conduct committed deprived him of a right, privilege, or immunity secured by the Constitution or Federal Law, as required to bring a successful § 1983 claim. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Finally, Rush does not allege any wrongful actions on the part of the sheriff, he only cites conduct of deputies. Assuming arguendo, that the deputies named in his complaint were acting under the supervision of BSO the defendant cannot be held vicariously liable under the grounds of respondeat superior. See Pembaur, 475 U.S. at 469, 478 (1986).

### V. IN THE ALTERNATIVE, RUSH MUST PROVIDE A MORE DEFINITE STATEMENT

In the alternative, and pursuant to Rule 12(e), Fed. R. Civ. P. Defendant BSO moves for a more definite statement  in order to adequately frame a meaningful, responsive pleading. Specifically, Rush has failed to identify whether he attempts to bring this action versus the Sheriff's

office solely, whether it is brought against the sheriff in his official or individual capacity, or whether this case includes individual claims against all the deputies for whom he served a summons and complaint to. Furthermore RUSH should be ordered to plead or identify a cause of action and if it is a § 1983 action to identify the custom, or policy, on the part of the sheriff which would give rise to § 1983 liability.

## CONCLUSION

Based upon the foregoing reasons, this honorable Court must dismiss the complaint in its entirety with prejudice, or in the alternative, order RUSH to provide a more definite Statement such that Defendant BSO can frame a meaningful response.

Respectfully submitted,

ROBERT D. YATES
Florida Bar #090387

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by US Mail to:

Charles Rush 3871 N.W. 7th Place, Fort Lauderdale, Florida, 33311, this ___*14*___ day of August, 2000.

FERRERO BUSCHEL CARTER
SCHWARTZREICH & YATES
201 Southeast 8th Street
Ft. Lauderdale, Florida 33316
(954) 525-8000
(954) 525-8331 Facsimile

ROBERT D. YATES
Florida Bar #090387