Charles L. Rush
3871 NW 7th Pl
Ft. Lauderdale, Fl 33311
Case 00-6207-Cv-rru

August 16, 2000

Dear Federico A. Moreno

Notice Of Appeal

to Clerk for filing
F.A.M.

I Charles Rush am filing appeal, on grounds of misconception. Guidelines for Litigants without Lawyers in Southern District of Florida, States in Section 3. Where to file Generally, the suit must be filed in the district where the defendant reside or where claim arose (28 U.S.C. Sec. 1391) which in both case are Broward County, with delay of closing my on the 6th of July and reopening by 10th of July. And Delay from both offices refusing to except my summons and complaint in person on July 22, 2000. I did all summons and complaints and weight each at the post office on July 24, a Monday the Post Office should have stamped each summons and complaint with a return of service. That I did try to service all parties which I file my return of services with the Ft. Lauderdale District by mail July 25, 2000. Now by the time, it got to Miami District I don't know, but with fax or phones someone should be processing my case in Ft. Lauderdale District according to the rules that I follow in the Guidelines for Litigant without Lawyers. You must file in yours district, (28 U.S.C. sec. 1391) And has summons all Party to answer to Ft.lauderdale District.

Sincerely,

Charles L. Rush

and Florida Statute § 768.28(7).

A 12(b) (6) motion to dismiss must be viewed in the light most favorable to the plaintiff- taking all well pleaded facts as true. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U. S. 41, 45-46 (1957). In the instant case, the plaintiff filed a complaint that completely disregards the form and general pleading requirements contained within Rules of Civil Procedure. It is vague, ambiguous, and lacking of any factual allegations supporting a cause of action for which relief can be granted. In fact it even fails to make a prayer for relief and even if it did state a cause of action it was not served timely or properly. Moreover, because the complaint lacks sufficient factual detail the defendant cannot formulate a reasonable response to the complaint and the complaint must therefore be dismissed consistent with the grounds of this motion or alternatively a motion for More Definite Statement must be granted.

### I. PLAINTIFF HAS FAILED TO PROPERLY SERVE THE COMPLAINT WITHIN THE 120 DAYS PROVIDED WITHIN RULE 4 (m), Fed. R.Civ. P.

The complaint must be dismissed, in that the complaint is stamped filed as of February 11, 2000 by the Clerk of Courts. Five individual summons and complaints each naming only individual deputies of the Broward Sheriff's Office, were delivered to Broward County Sheriff's Office on July 25, 2000. This delay of service is in excess of the 120 day limit of Rule 4 (m) Fed. R. Civ. P.

### II. PLAINTIFF HAS NOT PERFECTED SUFFICIENT SERVICE OF PROCESS WITHIN THE MEANING OF RULE 4 (j)(2) Fed. R. Civ. P.

Plaintiff's complaint names the BROWARD SHERIFF's OFFICE as the only named defendant in the style of the complaint. The complaint also fails to designate counts or causes of